IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                                      ORDER

                      Plaintiff,

          v.                                                                                               08-cr-087-bbc

JARRELL A. MURRAY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Jarrell A. Murray was sentenced in this court on August 21, 2009; the judgment of conviction was entered four days later. Defendant did not appeal his conviction or sentence. On August 30, 2010, he filed a timely motion for post conviction relief under 28 U.S.C. § 2255, together with a motion for an extension of time in which to supplement his motion once he obtains copies of his criminal file from his court-appointed counsel.

      Under § 2255, defendant had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. Defendant did not appeal from his conviction, so it would have become final 10 days after August 25, 2009 or September 8, 2009.

      In support of his request for an extension of time to supplement his motion,

1

defendant says that he has written and telephoned his court-appointed trial counsel on numerous occasions but she has failed to send him copies of his court file that he needs to file his § 2255 motion.  This statement is not quite accurate; counsel has told defendant that she gave him all of the relevant materials from his case file.  It is true that she told defendant in July 2010 that she would send him replacement copies but, apparently, she has not yet done so.

It appears from Holland v. Florida, 130 S. Ct. 2549 (2010), that federal courts have the authority to grant extensions of the statutory one-year filing period.  (Although Holland involved a late filing by a state prisoner, the holding gives no reason to think that the Court would not reach the same decision in a case involving a federal prisoner.)  In Holland, the court reiterated its view that entitlement to equitable tolling requires a showing by the petitioner that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way.  Id. at 2562 (citing Pace v. DiGuglielma, 544 U.S. 408, 418 (2005).  The Court did not give Holland an extension, but remanded his case so that the trial court could determine whether defendant's efforts to see that his lawyer filed his post conviction motion amounted to "reasonable diligence."  Id. at 2565.

In this case, defendant has said only that he never received his legal materials from his trial counsel.  He does not acknowledge having received them at one time and he does not say what happened to them.  He has described the steps he has taken to obtain new

2

copies of the materials.

Defendant's entire motion is based on what he terms "ineffective assistance regarding pre-plea phase," "ineffective assistance of counsel regarding G plea phase," "ineffective assistance of counsel regarding sentencing phase" and "ineffective assistance of counsel regarding failure to appeal." Even without his case materials, defendant should have some idea at this point what counsel did or failed to do that would constitute constitutional ineffectiveness. He must know whether counsel failed to investigate possible defenses for him and if so, what she would have found had she done so; whether counsel gave him improper advice about the terms of the plea agreement; whether counsel failed to raise a potential objection to the presentence report; whether he has any reason to think she overlooked a meritorious objection; whether he asked counsel to take an appeal on his behalf and if so, where he was when he asked and did he make it plain to her that he wanted to appeal.

At this point, it appears that defendant wants his case materials for a fishing expedition, to try to wrest some claim out of the materials. The chances of his doing so are slim if without the materials he has no idea of any way in which his counsel failed to represent him diligently. Nevertheless, I will send a copy of this order to his trial counsel in the hopes that she will mail defendant additional copies of his case materials. Defendant may have three weeks after his receipt of those materials in which to file his supplement to

3

his § 2255 motion. In addition, defendant must file an affidavit attesting to the efforts he made to obtain the materials and showing exactly how the lack of those materials prevented him from filing a complete motion within the one-year period provided him. Also, he should explain what happened to the first set of materials that counsel gave him.

Even if defendant supplies the materials required, I cannot say that he will be entitled to equitable tolling of the statute of limitations. This is a difficult showing to make, as the cases illustrate. "[E]quitable tolling of the statute of limitations is such exceptional relief that "'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (citing Lloyd v. VanNatta, 296 F.3d 630, 633 (7th Cir. 2002)).

ORDER

Defendant Jarrell A. Murray may have 21 days after receipt of his case materials from his trial counsel in which to supplement his motion for post conviction relief. Failure to

comply with this deadline will result in the dismissal of his motion.

Entered this 27th day of October, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge